# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4053 | **DATE** | June 27, 2012 |
| **CASE TITLE** | Jose Herrera (M-23924) vs. Lt. Robinson, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc [3]) is granted. The Court authorizes the trust fund officer at Plaintiff's place of confinement to make deductions in accordance with this Order. The Clerk is directed to mail a copy of this Order to the trust fund officer at the Big Muddy River Correctional Center, and to issue summons for service of the complaint on Cook County Jail's Lieutenant Robinson, Officer Coleman, Dr. Fowler, and Cook County. The U.S. Marshal is appointed to serve the Defendants. The Cook County Jail is dismissed as a Defendant. The Clerk shall send Plaintiff a magistrate judge consent form and filing instructions.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Jose Herrera, an inmate at the Big Muddy River Correctional Center, has filed this 42 U.S.C. § 1983 civil rights action against Cook County Jail's Lieutenant Robinson, Officer Coleman, Dr. Fowler, Cook County, and the Cook County Jail. Plaintiff alleges that he was taking several medications for back, leg, stomach, and arm pains. On July 10, 2010, his medications stopped. When Plaintiff complained about not receiving medications, Lieutenant Robinson threatened to place Plaintiff in segregation if his complaints continued. On July 28, 2010, Plaintiff began receiving his medications again. That night, he suffered a stroke while he was cleaning tables and was taken back to his cell. The next morning he asked Officer Coleman allow him to seek out medical attention from prison medical staff. Although she initially refused, Officer Coleman allowed him to go to the health care unit two hours later but refused his requests for a wheelchair. At the health care unit, Dr. Fowler stated that there was nothing wrong with Plaintiff and sent him back to his cell. Plaintiff's medications again stopped for a period of time and Dr. Fowler denied Plaintiff's ensuing requests for medications. In October 2010, Plaintiff was examined at Stroger Hospital, where he was told he previously had a stroke and that surgery was required to relieve pressure from his brain.

The Court finds that Plaintiff is unable to prepay the filing fee and grants his motion for leave to proceed *in forma pauperis*. Plaintiff is assessed an initial partial filing fee of $17.00. The trust fund officer at Plaintiff's place of confinement is directed to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of this Court. Thereafter, the trust fund officer shall collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments from Plaintiff's account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee obligation, and Big Muddy River officials shall notify transferee authorities of any outstanding balance in the event he is transferred.

| STATEMENT |
|---|

Preliminary review of the allegations stated above indicate that Plaintiff states a colorable cause of action against Defendants Robinson, Coleman, Dr. Fowler, and Cook County. *See Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010) (allegations of deliberate indifference to a serious medical needs state a § 1983 claim). The Cook County Jail, however, is not a suable party and therefore not a proper defendant. *See Castillo v. Cook Cnty. Mail Room Dep't*, 990 F.2d 304, 307 (7th Cir. 1993). Accordingly, the Cook County Jail is dismissed as a defendant.

The Clerk shall issue summonses for service of the complaint on Cook County Jail's Lieutenant Robinson, Officer Coleman, Dr. Fowler, and Cook County. The United States Marshals Service is appointed to serve these Defendants  Any service forms necessary for Plaintiff to complete for service will be sent by the Marshal. Plaintiff's failure to return those forms may result in the dismissal of unserved Defendants. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendants. With respect to any former jail employee who can no longer be found at the work address provided by Plaintiff, Cook County Jail or Cermak officials shall furnish the Marshal with the Defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise. Documentation of the address shall be retained only by the Marshal or kept in the Court's file. The Marshal is authorized to mail a request for waiver of service to the Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If a waiver of service is not obtained, the Marshal shall then attempt personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any filing to the Defendants, or to their counsel if an attorney enters an appearance on their behalf. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.